IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANDREW and LAVINA SCHRADER, husband and wife,<br><br>    Plaintiffs,<br><br>v.<br><br>STORAGE FIVE CLARKSVILLE, LLC, et al.,<br><br>    Defendants. | NO. 3:20-cv-00500<br><br>JUDGE RICHARDSON |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Relief Pursuant to Fed. R. Civ. P. 56(d), (Doc. No. 80, "Motion"), supported by a Memorandum of Law (Doc. No. 80-1).

On November 9, 2021, Defendants filed their Motion for Summary Judgment. (Doc. No. 75). On December 7, 2021, the Magistrate Judge granted the parties' Joint Motion to Modify Case Management Deadlines, extending the discovery deadline until March 1, 2022. (Doc. No. 79). On that same day, Plaintiffs responded to the Motion for Summary Judgment by filing the instant Motion, wherein Plaintiffs ask the Court to either deny Defendants' Motion for Summary Judgment as premature, or, alternatively, defer a ruling on the Motion for Summary Judgment until the close of discovery, because the parties had not yet been able to complete the depositions of any of Defendants' witnesses or the Rule 30(b)(6) deposition of one of the Defendants (Janus International). (Doc. No. 80). Defendants filed a response in opposition to the Motion (Doc. No. 82, "Response), and Plaintiffs filed a reply (Doc. No. 83, "Reply").

1

## LEGAL STANDARD

Rule 56(d) of the Federal Rules of Civil Procedure lays out the procedure that must be followed when a party asserts that additional discovery is necessary to respond to a motion for summary judgment:

> When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). "Rule 56(d) is intended to provide a mechanism for the parties and the court 'to give effect to the well-established principle that the plaintiff must receive a full opportunity to conduct discovery to be able to successfully defeat a motion for summary judgment.'" *Chubb Custom Ins. Co. v. Grange Mut. Cas. Co.*, No. 2:07-CV-1285, 2012 WL 1340369, at *2 (S.D. Ohio April 17, 2012) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 797 (6th Cir. 2009)). Although Rule 56(b) allows a party to file for summary judgment "at any time," the general rule is that a non-moving party must receive "'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)); *see also White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994) ("[A] grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery.").

The required affidavit or declaration must "'indicate to the district court [the party's] need for discovery, what material facts [the party] hopes to uncover, and why [the party] has not previously discovered the information.'" *Clifford v. Church Mut. Ins. Co.*, No. 2:13-CV-853, 2014 WL 5529664, at *2 (S.D. Ohio Nov. 3, 2014) (alterations in original) (quoting *Cacevic v. City of*

2

*Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)). The Sixth Circuit has laid out the factors a court should consider when evaluating whether to permit a party to conduct further discovery prior to filing a response to a summary judgment motion where, as here,[1] the party seeking relief under Rule 56(d) has complied with the Rule's procedural requirements. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008):

> These factors include (1) when the [party seeking discovery] learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would . . . change[ ] the ruling . . . ; (3) how long the discovery period has lasted; (4) whether the [party seeking discovery] was dilatory in its discovery efforts; and (5) whether the [party moving for summary judgment] was responsive to discovery requests.

*Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196–97 (6th Cir. 1995)[2] (internal citations omitted). Relevant here, the Sixth Circuit has made clear that "[i]f the [party seeking relief under Rule 56(d)] has not 'receive[d] a full opportunity to conduct discovery,' denial of that party's Rule 56(d) motion and ruling on a summary judgment motion would likely constitute an abuse of discretion." *Baker v. Jordan*, No. 3:18-CV-471, 2021 WL 3782896, at *3 (W.D. Ky. Aug. 25, 2021) (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)).

## ANALYSIS

Plaintiffs argue that relief pursuant to Rule 56(d) is warranted because "[d]espite ongoing good faith efforts, Plaintiffs have not been afforded a sufficient opportunity for discovery" considering the numerous outstanding depositions of Defendants' witnesses, and because the discovery deadline has yet to expire. (Doc. No. 80-1 at 6). Plaintiffs assert that they "have not been

---

[1] Plaintiff's compliance is discussed below.

[2] Here, the court in *Plott* noted that appeals from district court rulings on motions under Rule 56(d) (which was codified at the time as Rule 56(f)) take two forms: (1) "a challenge to a particular adverse discovery ruling, such as a denial of a motion to extend the discovery period"; and (2) "a more general claim that the district court acted prematurely by granting summary judgment before discovery was complete." 71 F.3d at 1196. Thus, the *Plott* factors apply to the situation at hand, where Plaintiffs do not seek to extend or reopen discovery, and instead ask the Court to defer ruling on the Motion for Summary Judgment until the close of discovery.

3

able to make full discovery on the issue of each Defendants' exact and complete scope of involvement in the construction project where Plaintiff was injured, including that of Defendant Janus." (*Id.*). Plaintiffs contend that after these depositions are completed, Plaintiffs will "certainly possess new and additional facts and evidence that will be essential in proving its claims of negligence and opposing Janus' Motion." (*Id.*). Specifically, Plaintiffs assert that they "cannot make a cogent argument that Janus owed a duty of care without knowing its acts and omission with regard to the project." (*Id.* at 7). Plaintiffs attach the affidavit of Plaintiffs' counsel, Jordan S. Friter, wherein he avers that "Plaintiffs are in the process of eliciting a number of facts critical to their claims from continued discovery" and such "facts are essential to prove their claims and oppose summary judgment." (*Id.*). Plaintiffs explain that the depositions have not yet occurred because of scheduling issues involving both parties, and "the complications of coordinating the schedules and availability of five (5) attorneys and their witnesses." (*Id.* at 10). Plaintiffs therefore argue that the *Plott* factors "weigh heavily" in their favor and that the Court should grant the Motion. (*Id.* at 10-12).

Defendants oppose the Motion, arguing that Plaintiffs' "request for further discovery amounts to a fishing expedition in hopes of finding a 'smoking gun.'" (Doc. No. 82 at 3). Defendants assert that "Plaintiffs are merely speculating that further evidence will change how the court should rule on the motion for summary judgment and have nothing to support this assertion." (*Id.* at 4). Defendants further argue that "Plaintiffs have had ample time and opportunity to discover information regarding Janus's role at this job site and whether duty was owed to the Plaintiff. The Plaintiffs are now asking this court to give them more time to fish for something to overcome the evidence that the Defendants did not owe the Plaintiffs a duty." (*Id.* at 5). Thus, Defendants ask

4

Case 3:20-cv-00500   Document 84   Filed 01/06/22   Page 4 of 7 PageID #: 421

the Court to deny Plaintiff's Motion and rule on the Defendant's Motion for Summary Judgment. (*Id*. at 5).

The Court finds that Defendants' position is somewhat hard to square with the position it took in the *Joint* Motion to Modify Case Management Deadlines (Doc. No. 79, "Joint Motion"), wherein *both* parties requested that the discovery deadline be extended until March 1, 2022, because "[t]he parties are currently in the process of scheduling the remaining depositions . . . and [d]ue to scheduling conflicts amongst counsel . . . the parties will be unable to complete the remaining necessary depositions" prior to the expiration of the (then) current discovery deadline. (Doc. No. 79 at 3). In so doing, Defendants (jointly with Plaintiffs) represented that the discovery to be permitted via the requested extension was "necessary" rather than a "fishing expedition." Now, in the Response filed *after* the granting of the Joint Motion, Defendants argue that the Court should not allow Plaintiffs to engage in a "fishing expedition" and perform further discovery. Yet Plaintiffs are not asking the undersigned for permission to perform further discovery; nor would they have to as the request to extend the discovery deadline has already been granted by the Magistrate Judge. Plaintiffs are merely asking the Court to allow it to complete its discovery before being required to respond to Defendants' Motion for Summary Judgment. And, as just suggested, the Court cannot find that Plaintiffs' completion of discovery would be an improper fishing expedition or otherwise unnecessary. The Court also notes that to the extent that Plaintiff is in fact looking for a smoking gun, or otherwise to shore up their case with additional evidence, there is nothing improper in that, either; indeed, part of the purpose of discovery is to permit parties to look for evidence—and, for that matter, *very good* evidence, which could indeed include the metaphorical "smoking gun." The Court has little doubt that counsel for defendants, who doubtless

5

Case 3:20-cv-00500   Document 84   Filed 01/06/22   Page 5 of 7 PageID #: 422

represent their clients zealously, generally look for exactly this kind of evidence when conducting discovery.

As noted above, "[i]f the [party seeking relief under Rule 56(d)] has not 'receive[d] a full opportunity to conduct discovery,' denial of that party's Rule 56(d) motion and ruling on a summary judgment motion would likely constitute an abuse of discretion." *Ball*, 385 F.3d at 719. Here, Plaintiffs have yet to be given a full opportunity to conduct discovery, because (by Defendants' own request) the discovery deadline was extended until March 1, 2022. Thus, the Court finds that Defendants' Motion for Summary Judgment is premature, and the *Plott* factors weigh in favor of granting Plaintiffs' Motion. *See PSC Metals, Inc. v. S. Recycling, LLC*, No. 3:17-cv-01088, 2017 WL 4403360, at *2 (M.D. Tenn. Oct. 4, 2017) (stating that because summary judgment is premature until parties have a full opportunity to conduct discovery, a Rule 56(d) motion requesting time for discovery should be granted "almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence") (quoting *Convertino v. U.S. Dep't of Justice*, 684 F.3d 93, 99 (D.C. Cir. 2012)).

Additionally, the Court finds that Plaintiffs have complied with Rule 56(d)'s procedural requirements. Plaintiffs filed the affidavit of their counsel, which sets out the specific facts they hope to uncover with further discovery (Doc. No. 80-4 at ¶¶ 21-30)), and why they have not yet uncovered those facts (*id.* at ¶¶ 33-34). *See also Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000) (explaining that the party making a request pursuant to Rule 56(d) must specify "what material facts [it] hope[s] to uncover, and why [it] has not previously discovered the information."). Further, on this record, the Court cannot say that Plaintiffs have not diligently pursued discovery, given that the discovery deadline was extended upon the request of *both* parties

6

due to scheduling conflicts of *both* parties' attorneys and Plaintiff's counsel's (unimpeached) affidavit suggests diligent pursuit of discovery.

Defendants also argue that Plaintiffs' Motion is not timely. (Doc. No. 82 at 2). Local Rule 7.01(a)(3) provides that responses to motions for summary judgment must be filed within 21 days after the service of the motion, unless otherwise ordered by the Court. If a timely response is not filed, the motion shall be deemed to be unopposed. Defendants argue that it "filed its Motion for Summary Judgment and served said motion to Plaintiffs on November 11, 2021," and Plaintiffs did not file the instant Motion until December 7, 2021. Thus, Defendants argue that the Court should deem its Motion for Summary Judgment unopposed and rule on that motion. (Doc. No. 82 at 2). In response, Plaintiffs aptly point out that the Local Rule 7.01(a)(3) clearly states that the time to respond is 21 days, "unless otherwise ordered by the Court," LR 7.01(a)(3), and the Court set the time to respond to the Motion for Summary Judgment at 28 days after service. (Doc. No. 83 at 1). Indeed, on November 10, 2021, the Magistrate Judge set Plaintiffs' deadline to respond to the Motion for Summary Judgment as "28 days of the service of the motion." (Doc. No. 78). Plaintiffs filed the instant Motion exactly 28 days after service of Defendants' Motion for Summary Judgment. Thus, the Court finds that the Motion is timely.

Therefore, the Motion (Doc. No. 80) is **GRANTED**, and Defendants' Motion for Summary Judgment (Doc. No. 75) is **DENIED** as moot without prejudice to Defendants' prerogative to file another motion for summary judgment after the close of discovery.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE